# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

vs.                         No.:  19-CR-4275 WJ

CHARLES WARNER,

     Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION FOR RETURN OF SEIZED PROPERTY

THIS MATTER comes before the Court upon Defendant's Opposed Motion for Return of Seized Property, filed May 13, 2020 **(Doc. 34).**  Having reviewed the parties' briefing and the applicable law, the Court finds that Defendant's motion is not well-taken.  Accordingly, the motion is denied.

## BACKGROUND

Defendant is currently charged with being a felon in possession of a firearm and dealing in firearms without a license under 18 U.S.C. § 922(a)(1)(A) and 924. On October 28, 2019, pursuant to a search and seizure warrant, various items were seized from Defendant's home by agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), including but not limited to: firearms; firearm parts; firearm sale transaction records; business records indicating profit and loss and customer lists; machinery and tools used in the manufacture or assembly of a firearm; photographs and videotapes relating to firearms and accessories.

Also among the seized items were electronic devices capable of containing the aforementioned information, namely cell phones and two computers. Defendant is the sole owner

and was in lawful possession of these items ("devices") which were seized during execution of the search warrant but were not specifically listed in the Search Warrant Return. While the search warrant authorized the seizure of electronic devices, such as phones and computers, it stated that a subsequent search of those devices "would be subject to separate, additional search warrants[.]" Doc. 34-3 at 3.

On November 20, 2019, a grand jury returned an Indictment (Doc. 11) charging Mr. Warner with two counts of Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924 and one count of Dealing in Firearms Without a License in violation of 18 U.S.C. §§ 922(a)(1)(A) and 924.  In order to defend himself against the charges in this case and to assist with other civil litigation in which he is involved, Mr. Warner requires numerous documents which are contained on the devices.

Defendant contends that he has requested return of the devices, but the Government refused the request, claiming that the devices were "lawfully seized and possessed potential evidentiary value" and has conditioned return of the devices on Defendant executing a consent to search form. Docs. 20, 21.  Defendant also claims that the Government cannot claim they contain any intrinsic evidentiary value because the devices have not yet been searched despite the fact that the Government has had the items in its possession for almost seven months),

According to the Government, however, Defendant initially did not object to a search of his cell phone and computer and has only recently switched his position to requesting a return of his property.  On March 4, 2020 Defendant filed a discovery motion requesting that the Government disclose any exculpatory evidence found on these seized items under Rule 16 ad *Brady-Giglio* and that this evidence was necessary to the preparation of a defense. Doc. 20 at 2. The Government reasonably understood the motion as a request, or at least an acquiescence, to

have the devices searched.  The Government stated that while it opposed the return of those seized items to Defendant, it certainly did not oppose a search of those items, as long as Defendant signed a consent form.  Doc. 21 at 2.  The Court also understood Defendant's motion as a request to have the devices searched and granted the motion and noted that the Government did not oppose Defendant's request. Doc. 23.

Several days after the Court granted Defendant's motion for disclosure of exculpatory evidence obtained from the devices in question, the Court held a hearing on former counsel's request to withdraw. At that hearing, counsel for the Government acknowledged that the phone and computer were in its custody, and that the Court "has ordered that the phone and computer be searched per Defendant's motion." Doc. 25 at 1.  The Government advised the Court that it would comply with the Court's order but would need Defendant to sign a consent form and provide the password(s) to his phone and computer in order to comply.  *Id.* at 1-2.  Defense counsel responded—for the first time—that her client's position was now to actually have the items returned and not searched and that he would discuss the matter with new counsel when appointed. *Id.* at 2.  The Court agreed with handling the matter as discussed, noting that the matter may have to be revisited once new counsel was appointed.  *Id.*

Current defense counsel, Joel R. Meyers, Esq., filed the instant motion seeking return of the devices, and thus the issue here is whether Defendant is entitled to their return.

## DISCUSSION

The Government is permitted to seize evidence for use in investigations and trial. *United States v. Rodriguez-Aguirre*, 264 F.3rd 1195, 1212 (10th 2001) (citation omitted). The general rule is that seized property in the possession of the government should be returned once the criminal proceedings have been terminated. *Id.*

Fed. R. Crim. P. 41(g) provides that an aggrieved person may seek return of property that has been unlawfully seized, and a person whose property has been lawfully seized may seek return of property when aggrieved by the government's continued possession of it. The district court has both the jurisdiction and the duty to return such property. *United States v. Wright*, 610 F.2d 930, 934-35 (D.C. Cir. 1979) (noting that it is "fundamental to the integrity of the criminal justice process that property involved in the proceeding, to which no Government claim lies, be returned to its rightful owner"). A movant must show irreparable harm or an inadequate remedy at law to warrant relief under Rule 41(g) of the Federal Rules of Criminal Procedure. *United States v. Copeman*, 458 F.3rd 1070, 1071 (10th Cir. 2006). And if a criminal prosecution is pending, the burden is on the movant to show that he is entitled to the property. *United States v. Jeffs*, 2006 WL 989112, at *1 (D. Colorado 2006) (citing *Rodriguez-Aguirre*, 264 F.3rd at 1212-1213) (citation omitted); *see also United States v. Gotti*, 244 F.Supp.2d.120, 124 (E.D. New York 2003) (burden of proof is on the movant while criminal prosecution is pending).

In order to prevail on a Rule 41(g) motion, the movant must demonstrate that retention of the property by the government is unreasonable. *In re Search of Kitty's East v. United States*, 905 F.2d 1367, 1375 (10th Cir. 1990) (reasonableness under the circumstances is the governing standard a court should use when assessing whether a movant should have his property returned).

Defendant contends that even if the Court finds that the property in question was legitimately seized, the government should not be permitted to hold the devices where it cannot demonstrate the property's connection to this case. *See generally Interstate Cigar Co. v. United States*, 928 F.2d 221, 224 (7th Cir. 1991) (ruling that the government was prohibited from keeping property indefinitely where it could not demonstrate that the seized property was connected to a case's investigation). Defendant claims that he is aggrieved by the seizure and continued

4

possession of the devices but offers no facts to persuade the Court that the Government's continued custody of the items is unreasonable, stating only that the devices are "nothing more than plastic and silicon components with no intrinsic value to the government." Doc. 40 at 3.  The only other argument Defendant offers is that the devices should be returned because the Government has not made use of them for the past seven months.

By comparison, the Government has shown that it does have a proper and reasonable basis to maintain and search the property in question. *See Kitty East*, 905 F.2d 1367 at 1375. Defendant is currently charged with firearms-related offenses. The Government expects the computers and phones to contain evidence that will go towards proving these charges.  The Government notes that the investigation has already revealed that Defendant was using a computer and phone as part of his business operations, and that an undercover agent was communicating by way of telephone and text messages prior to the undercover transaction in this case. Moreover, it was learned that Defendant was using Facebook as part of his firearms business and was seated at his computer during the undercover transaction, which preceded the execution of the search warrant. The Court agrees that there is more than a sufficient nexus between the crimes charged and the property to be search and further finds that Defendant has not shown irreparable harm from the Government's continued retention of the devices.[1]  The Government represents that search warrants will be executed on the computers and cell phone and that Defendant will thereby receive imaged copies and digital extractions of the contents of the seized property.

---

[1] Defendant challenges the Government's reference to *U.S. v. Gotti,* 244 F.Supp.2d 120, 124 (E.D.New York 2003), because the seized property in that case was not only subject to forfeiture but was the *res gestae* of the offense. The Government cited to *Gotti* primarily to note that a defendant is not entitled to lawful possession of the seized property if "the property is contraband or subject to forfeiture or the government's need for the property as evidence continued." Doc. 39 at 3, n.1. Thus, the Government's reference to *Gotti* is appropriate, as the Government has shown a legitimate need to retain the devices subject to the execution of a search warrant.

Defendant contends that a search conducted at this point in time is unreasonable, but there is nothing in the language of Rule 41(g) that imposes a time requirement for searches. Rule 41(g) ensures only that property is returned to its rightful owner following a lawful search and seizure. In this case, the Government's continued custody of the devices is inconvenient to Defendant, but not unreasonable for purposes of Rule 41.

With respect to the Court's earlier Order, the Government is still obligated to make the necessary disclosures under Rule 16 and *Brady-Giglio* as soon as practicable following the execution of search warrants on the devices. Until then, the Government cannot provide Defendant with evidence it does not yet possess.

Based on the foregoing, the Court finds that the Defendant cannot meet his burden to justify a return of the requested property, nor can he show that it would be unreasonable for the Government to maintain the property and execute the aforementioned search warrants.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Opposed Motion for Return of Seized Property **(Doc. 34)** is hereby DENIED for reasons described in this Memorandum Opinion and Order.

_____

CHIEF UNITED STATES DISTRICT JUDGE