## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

―――――――――――

UNITED STATES OF AMERICA,

      Plaintiff,

    vs.                                                    No.1:19-cr-04275-WJ

CHARLES WARNER,

      Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNTS ONE AND TWO OF THE INDICTMENT

THIS MATTER comes before the Court upon Defendant's Motion to Dismiss Counts One and Two of the Indictment, filed December 28, 2020 **(Doc. 53)**. The Indictment charges Defendant with two counts of being a felon in possession (Counts I and II, in violation of 18 U.S.C. §922(g)(1) and §924) and one count of dealing in firearms without a license (Count II, in violation of 18 U.S.C. §922(a)(1)(A) and §924). *See* Doc. 11 (Redacted Indictment). Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendant's motion is not well-taken and, therefore, is denied.

## BACKGROUND

Defendant was convicted of two felony offenses out of the state of South Carolina, each for Breach of Trust with Fraudulent Intent (value greater than $1,000). These offenses occurred in 1996 and 2002. *See* Doc. 60-1 (2002 conviction).  After his discharge from probation, Defendant relocated from South Carolina to New Mexico.[1]

―――――――――――――――――

[1] In 2012, Mr. Warner pleaded guilty in New Mexico State Court to being a felon in possession of a firearm for which he received a conditional discharge in 2013. *See* Doc. 60-2 (conditional discharge, sentence and judgment). Defendant contends that this conviction cannot be a predicate for a §922(g)(1) offense because it was dismissed upon the

According to the criminal complaint, on October 29, 2019, Defendant was arrested following an investigation by ATF (Bureau of Alcohol, Tobacco, Firearms and Explosives) after receiving information that Defendant was involved in the ongoing criminal possession, manufacture and distribution of firearms, despite his felony record.  Doc. 1 (complaint). ATF had determined that Defendant was operating an internet business called "Elite Warrior Armament" ("EWA") through Facebook, marketing customized 1911-style pistols.  EWA had its Federal Firearms License revoked for aiding and abetting a felon in possession of a firearm after it was discovered that Defendant was a silent partner in the business.  This information led to the execution of a search warrant at Defendant's residence in Sandoval County, New Mexico, which uncovered dozens of firearm components and several electronic devices—which then led to Defendant's arrest for unlawful possession of a firearm and ultimately, to the grand jury indictment on November 20, 2019.

## DISCUSSION

In 1986, Congress passed the Firearms Owners' Protection Act ("FOPA"), Pub.L. 99-308, 100 Stat. 449 (1986), which gathered into what is now §922(g) the offenses of possessing, receiving, shipping, and transporting firearms by the various classes of prohibited persons. *See* H.R. Rept. No. 99-495, at 23 (1986), reprinted in 1986 U.S.C.C.A.N. 1327, 1349.[2] As it reads now, 18 U.S.C. §922(g)(1) criminalizes the possession of a firearm by "any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year[.]"

---

satisfactory completion of probation. The Government does not appear to dispute this, since the sole predicate offense for which government relies is the 2002 South Carolina conviction.

[2] FOPA amended what was the Gun Control Act, Pub.L. 90-618, §§ 102 and 301, 82 Stat. 1213 (1968).

The issue here is whether Defendant's previous South Carolina state convictions can be qualifying convictions for Counts I and II under 18 U.S.C. §922(g)(1) and whether using these convictions as predicate offenses violates the Second Amendment. Defendant does not dispute either (1) that he has a 2002 felony conviction for a non-violent offense from the State of South Carolina for which he completed a term of probation (relevant here as the sole predicate offense on which the Government relies); and (2) that his 2012 New Mexico felon in possession charge has been conditionally discharged. Defendant also concedes that the Tenth Circuit Court of Appeals disfavors as-applied challenges to §922(g)(1) and requires, *inter alia,* that the right to serve on a jury be restored in order to qualify for the exception under 18 U.S.C. §921(a)(20).[3]

## I.  Full Restoration of Civil Rights Has Not Been Obtained

The Government first contends that Defendant has not had his civil rights fully restored and so is still considered a prohibited person under 18 U.S.C. §922(g).

A defendant has the burden to demonstrate that civil rights have been restored, and that he is thereby not a prohibited person under 18 U.S.C. § 921(a)(20) for the purposes of 18 U.S.C. §922(g)(1). *See United States v. Flower*, 29 F.3d 530, 534-35 (10th Cir. 1994) (refusing to place "onerous burden" on the government of negating the possibility that a prior conviction was vitiated); *United States v. Massey*, 849 F.3d 262, 265 (5th Cir. 2017) (defendant has the burden to show his rights had been restored such that his conviction was not applicable under 18 U.S.C. § 922(g)(1)). Restoration of civil rights can occur by operation of law or through an affirmative application process. *Caron v. United States*, 524 U.S. 308, 313 (1998). Courts look to the law of the state to determine whether a defendant's civil rights have been restored. *See, e.g., United States*

---

[3] Defendant claims there is "little consensus" among the circuits as to which particular civil rights need to be restored, but points to no Tenth Circuit case overturning or vacating the holding in *U.S. v. Baer*, which is very clear on which civil rights need to be restored and which constitutes precedent that this Court must follow.  *See U.S. v. Baer,* 235 F.3d 561, 563 (10th Cir. 2000).

*v. Nix*, 438 F.3d 1284, 1287 (11th Cir. 2006) (finding no automatic restoration of civil rights under Alabama law; a petition and order restoring civil rights is required); *see* 18 U.S.C. §921(a)(2).

The core civil rights generally required to be restored to lawfully possess a firearm are: (1) the right to vote; (2) the right to serve on a jury; and (3) the right to hold public office. *Logan v. United States*, 552 U.S. 23, 28 (2007). Tenth Circuit law requires that "a defendant must show that his rights to vote, serve on a jury, hold public office and possess firearms have all been restored." *United States v. Baer*, 235 F.3d 561, 563 (10th Cir. 2000); *Flower*, 29 F.3d at 536 (10th Cir. 1994) (recognizing holding that under Tenth Circuit law, "the rights to vote, serve on a jury*, and hold public office, as well as the right to possess firearms, must all be restored under § 921(a)(20) before a prior conviction may be excluded on the basis of restoration of civil rights . . . .").

The Government does not dispute that Defendant had his rights to vote and to hold public office restored—courtesy of South Carolina law—once his probation was completed.  *See* S.C. Code Ann. §7-5-120(B)(3) (individual is disqualified to register or vote if "convicted of a felony . . . unless the disqualification has been removed by service of the sentence, including probation and parole time . . .").  Defendant acknowledges that his right to serve on a jury has not been restored—yet maintains that federal firearm restrictions should not apply to him, based on the South Carolina law that limits the prohibition of firearms only to those convicted of violent offenses. *See* S.C. Code Ann. §16-23-30. Defendant argues that since he "*regained* his gun rights without exclusion or restriction in South Carolina, he should not be considered to have a conviction for the purpose of §921(a)(20)'s exemption." Doc. 53 at 7-8 (emphasis added). That exemption states as follows:

> [a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction [for purposes of §922(g)] **unless such pardon, expungement, or restoration of**

**civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.**

18 U.S.C. §921(a)(20) (highlighting in bold the "unless clause of §921(a)(20)").  Defendant argues that these exemptions should allow him to possess a firearm, but this argument misses the mark for several reasons.

First, Defendant completely ignores the plain language of §921(a)(2), which requires any of the following in order for a prior felony to be exempt as a predicate offense under §922(g)(1):

- Expungement
- Pardon
- Restoration of civil rights

Of course, the first two do not apply here since Defendant's South Carolina convictions were neither expunged or pardoned. The third option is relevant here, but in relying on this provision, Defendant puts the cart before the horse. By its plain language, §921(a)(20) comes into play only *after* a defendant "has had civil rights restored." (emphasis added). Defendant has not had a restoration of all his civil rights as required under Tenth Circuit law and as a result he has not—contrary to defense counsel's statement—"regained" his "gun rights" under South Carolina law.

Second, Defendant interprets the "unless clause" of §921(a)(20) to mean that even though he does not have his civil rights restored, he still falls within the §921(a)(20) exception because his felony conviction is not one that caused him to lose his South Carolina state law rights to possess a firearm. Again, this argument ignores the fact that the exemptions (or exceptions) in §921(a)(2) apply only on preconditions of expungement, pardon or restoration of civil rights.  It also has the effect of broadening the exemptions beyond anything suggested by the language. The Eleventh Circuit has addressed the same argument in *United States v. Nix.*  Mr. Nix argued that under Alabama law, the right to possess a firearm is lost only upon conviction for a violent felony,

and therefore his conviction for marijuana possession (which was not a violent felony) did not preclude him from possessing any firearm.  The Eleventh Circuit swiftly rejected that argument:

> Nix does not fit within the exception set out in § 921(a)(20), because his marijuana conviction has not been expunged or set aside, he has not been pardoned for it, and the civil rights that he lost under state law as a result of the conviction have not been restored. Nix tries to make something of that provision's "unless" clause, which serves only to exclude from the exception pardons, expungements, and restorations that expressly limit a convicted felon's firearms rights. He would have us read the limiting clause to mean that if the felon never lost his firearm rights under state law to begin with, the § 921(a)(20) exception must apply. **To accept Nix's argument we would have to transform a clause that limits an exception into one that enlarges the exception. That would not be reading, but re-writing. Congress can rewrite statutes, but we cannot.** The plain meaning of the prohibitory terms of § 922(g)(1) applies in this case, and the plain meaning of the § 921(a)(20) exception language does not.

*Nix*, 438 F.3d at 1286 (emphasis added).  The Eleventh Circuit noted that, "[u]nfortunately for Nix, he was not prosecuted in this case for violating Alabama law but for violating the federal law set out in 18 U.S.C. § 922(g)(1)."  *Id.* at 1285. This Court makes the same observation as to Defendant.[4]

Third, Defendant offers case law in support of his position where there is none to be found. For example, he cites to certain Tenth Circuit cases to suggest that if a state law allows convicted felons to possess firearms, then §922(g)(1) should not apply to those convictions. This suggestion is a huge overreach because those cases propose looking to state law for direction *only after* civil rights have been fully restored. *See, e.g., Flower,* 29 F.3d at 533 (noting defense counsel's acknowledgement that defendant's civil rights had not adequately been restored where defendant had not had his right to sit on jury restored under Utah law). *United States v. Norman*, 129 F.3d 1393, 1397 (10th Cir. 1997) ("Section 921(a)(20) requires us to look to the law which was in effect

---

[4] The Eleventh Circuit noted that the issue presented in *Nix* was "an issue of first impression in our circuit, but not a difficult one." *Nix*, 438 F.3d at 1285. This Court agrees with the Eleventh Circuit on the level of difficulty in reading the language in the statute's exemption provision.  Defendant's gloss on §921(a)(2) bears little resemblance to the actual wording of the statute.

at the time that Norman's civil rights were restored, *and then* to determine whether that law "expressly provides" that he may not ship, transport, possess, or receive firearms") (emphasis added).

In short, Defendant's argument is flawed because it conflates state laws that do not preclude certain categories of convicted felons from possessing firearms in the first place, with state procedures that *restore* a defendant's civil rights in order to free that individual from federal restrictions on possessing firearms. *See, e.g., United States v. Dupaquier*, 74 F.3d 615, 617–19 (5th Cir. 1996) (prior restoration of defendant's civil rights under Louisiana law precluded finding that defendant was "convicted felon" under §922(g)(1)).  The Government correctly observes that, absent a restoration of civil rights, it is irrelevant if there is a state law permitting a convicted person to possess a firearm, as such a person is still prohibited from possessing a firearm under federal law.  Only when those procedures are completed can the individual then look to state law for guidance on firearm restrictions.

Defendant has not obtained a full restoration of his civil rights, and so on this basis alone, the Court may find that his prior felonies are not exempt as predicate offenses under §922(g)(1).

## II.    Business Practice Exception

Defendant also relies on an exception under 18 U.S.C. §921(a)(20)(A) which specifically exempts certain offenses "relating to the regulation of business practices," including offenses "pertaining to antitrust violations, unfair trade practices, restraints of trade or other similar offenses . . . ."   This exception is no help to Defendant.  Under South Carolina law, breach of trust crimes are closely related to larceny. *See* S.C. Code Ann. §16-13-230 (2002) (stating that someone who commits a breach of trust with fraudulent intention "is guilty of larceny"); *see also*, *McPhatter v. Leeke*, 442 F. Supp. 1252, 1255 (D.S.C. 1978) (larceny and breach of trust are not mutually

7

exclusive but rather merge into one crime).  Because Defendant's breach of trust offenses are not related in any way to the category of offenses labeled under monopolies or restraint of trade under South Carolina law, the business practice exception does not apply.

## III.    Constitutional Considerations Under Second Amendment

Defendant also contends that §922(g)(1) hampers his ability to exercise his Second Amendment rights, proposing an "as applied" challenge to the statute.  To support this argument, Defendant relies in part on *District of Columbia v. Heller* to suggest that it would be unconstitutional to prohibit Defendant from possessing a firearm. 554 U.S. 570 (2008).  In *Heller,* the United States Supreme Court recognized an individual's right to bear arms for the defense of self, family, and property, finding two District of Columbia statutes unconstitutional to the extent that they totally banned handgun possession in the home and required all firearms within homes to be kept inoperable at all times—and thus unavailable for the lawful purpose of self-defense. *Id.* at 635. Defendant asks the Court to apply *Heller* to this case urging the Court to find any prohibition on gun possession violates the Second Amendment.  This the Court cannot do.   *Heller* kept intact "longstanding prohibitions on the possession of firearms by felons . . . ." *Id.* at 626.[5]

---

[5] The entire paragraph states:

> Like most rights, the right secured by the Second Amendment is not unlimited. From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose. . . [citations omitted]. For example, the majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues. [citations omitted]. Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, **nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons** and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

*D.C. v. Heller*, 554 U.S. at 626–27 (emphasis added).

Defendant's constitutional arguments rest on shaky ground because, as the Government notes, the Tenth Circuit has rejected "as applied" challenges to the §922(g)(1) statute, following the dictum in *Heller. See United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009) (rejecting defendant's argument that §922 violates the Second Amendment and noting that the Supreme Court "explicitly stated in *Heller* that 'nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons'"); *Baer*, 235 F.3d 561 at 564 ("federal legislation regulating the receipt and possession of firearms by felons 'do[es] not trench upon any constitutionally protected liberties, including those guaranteed by the Second Amendment'") (citing *Lewis v. United States,* 445 U.S. 55, 65 n.8 (1980)) (internal quotes omitted).[6]

## IV.    Defendant's Request for Stay

Finally, Defendant suggests that the Court defer ruling on this motion until the United States Supreme Court considers a petition for writ of certiorari from a case out of the Third Circuit asking whether the application of firearms bans on non-violent offenders violates the Second Amendment. The defendant in that case, *Folajter v. Barr* (No. 20-812), was convicted of willfully making a materially false statement on her tax returns.

Because Defendant's request for a stay was raised for the first time in his reply, the Court recently invited both parties to file supplemental briefing on the issue. Defendant filed his supplemental brief on April 14, 2021.  However, just one week later, the Supreme Court rejected the petition for certiorari in *Folajtar,* as well as petitions for two other cases out of the Third and

---

[6] The Tenth Circuit even rejected the idea that § 922(g)(9) allows for individual (or "as applied") assessments of the risk of violence for certain misdemeanors.  *See In re U.S.*, 578 F.3d 1195, 1200 (10th Cir. 2009) (citation omitted). Section §922(g)(9) prohibits persons with misdemeanor convictions for domestic violence from possessing firearms. The Tenth Circuit reasoned that such assessments were unnecessary because "[a] defendant whose background includes domestic violence which advances to . . . a criminal conviction  . . . has a demonstrated propensity for the use of physical violence against others. *Id.*

Eleventh Circuits also involving defendants who were convicted of non-violent crimes (driving under the influence of alcohol and smuggling of counterfeit cassette tapes) and also challenging the constitutionality of §922(g)(1) under the Second Amendment.[7]   The Supreme Court's denial of certiorari for these petitions obviates the need to consider supplemental briefing regarding a stay, since the legal landscape remains unchanged for "as applied" challenges to §922(g)(1). Therefore, following the guidance of current Tenth Circuit precedent regarding such challenges, the Court finds no basis to dismiss Counts One and Two of the Indictment.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Dismiss Counts One and Two of Indictment **(Doc. 53)** is hereby DENIED for reasons discussed in this Memorandum Opinion and Order.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[7] These two other cases  are: *Holloway v. Garland* (No. 20-782), involving a DUI charge in the first degree, and *Flick v. Garland* (No. 20-902), involving the smuggling of counterfeit cassette tapes.